[No. 27629-1-II. Division Two. August 2, 2002.]

THE CITY OF PORT ORCHARD, ET AL., *Appellants*, V. THE
DEPARTMENT OF RETIREMENT SYSTEMS, ET AL.,
*Respondents*.

*K. Michael Jennings* (of *McGavick Graves*) and *Thomas
K. Faubion* (of *McCormick, Hoffman Law Offices, P.S.*), for
appellants.

*Christine O. Gregoire, Attorney General,* and *Jeff B. Kray, Assistant,* for respondents.

HUNT, C.J. — The cities of Port Orchard, Tacoma, and Fife (Cities) appeal summary judgment in favor of the Department of Retirement Systems (the Department) in a class action[1] (1) to require the Department to reimburse them for disability leave allowance payments to law enforcement officers and fire fighters, under chapter 41.26 RCW; and (2) to compel the Department to pay future disability leave allowances from its Law Enforcement Officers and Fire Fighters (LEOFF) reserve fund. We hold that the statute preserves the system utilized for the past 30 years whereby the Cities, not the Department's retirement fund, pay temporary disability allowances to law enforcement officers and fire fighters, prior to their retiring or becoming permanently disabled. Accordingly, we affirm.

## FACTS

In March 2001, the Cities initiated a class action suit against the Department. They claimed that, contrary to the express language of RCW 41.26.120, (1) the Department wrongfully compelled the Cities to pay LEOFF 1[2] disability leave allowance benefits; and (2) the Department should have paid these benefits from the LEOFF 1 reserve fund, to which the Cities contribute monthly. The Cities asked the trial court to order the Department (1) to reimburse the Cities for all monies that they have paid for disability leave allowance benefits to LEOFF 1 member employees; and (2)

---

[1] Class Action Certification was granted.

[2] Persons who became members of the LEOFF retirement system between March 1, 1970 and prior to October 1, 1977, are members of LEOFF 1. RCW 41.26.030(28).

to pay all future disability leave allowance benefits directly from the LEOFF 1 reserve fund to member employees.

The parties filed cross motions for summary judgment on the issue of whether the employer Cities must pay disability leave to eligible employees with disabilities lasting six months or less (temporary disability leave), which would not qualify for permanent disability retirement. The Cities contend that the statutory scheme and purpose of RCW 41.26.120 show the legislature's intent that the LEOFF 1 Fund Reserve System, not the employers, must pay for such temporary disability leave. The Department counters that (1) the plain language of RCW 41.26.120 and .125 requires the Cities to pay disability leave to eligible, temporarily disabled employees and (2) this reading is consistent with the statute's amendment history and the legislature's and the Cities' 30-year acquiescence in this long-standing practice.

The trial court granted the Department's motion for summary judgment and denied the Cities' motion for summary judgment. The Cities appeal.

## ANALYSIS

### I. STANDARD OF REVIEW

■ The standard of review on summary judgment is well settled. Review is de novo; we engage in the same inquiry as the trial court. *Ellis v. City of Seattle*, 142 Wn.2d 450, 458, 13 P.3d 1065 (2000). LEOFF 1 is a statutory retirement plan. "In interpreting a statute, we do not construe a statute that is unambiguous." *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999) (citing *Food Servs. of Am. v. Royal Heights, Inc.*, 123 Wn.2d 779, 784-85, 871 P.2d 590 (1994)).

814

## II. The Act—LEOFF 1

### A. Background

In 1969, the legislature enacted the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act, chapter 41.26 RCW, in order to

> provide for an *actuarial reserve system* for the payment of death, disability, and retirement benefits to law enforcement officers and fire fighters, and to beneficiaries of such employees, thereby enabling such employees to provide for themselves and their dependents in case of disability or death, and effecting a system of retirement from active duty.

RCW 41.26.020 (emphasis added).

> "Actuarial reserve" means a *method of financing a pension or retirement* plan wherein reserves are accumulated as the liabilities for benefit payments are incurred in order that sufficient funds will be available on the date of retirement of each member *to pay* his future *benefits during the period of retirement.*

Laws of 1969, 1st Ex. Sess., ch. 209, § 3(16) (emphasis added), codified as RCW 41.26.030(16).

The "disability leave" section of the 1969 Act provided that during the first six months, a disabled member was to "receive his full monthly salary from the employer." Laws of 1969, 1st Ex. Sess., ch. 209, § 13(2). Under RCW 41.26.040, all Washington fire fighters and law enforcement officers employed full time on or after March 1, 1970, are members of the Law Enforcement Officers' and Fire Fighters' Retirement System Plan. Persons who became members of the LEOFF retirement system before October 1, 1977, are LEOFF "plan one" members (LEOFF 1).[3]

---

[3] Persons who became members of the LEOFF retirement system on or after October 1, 1977, are LEOFF "plan two" members. That plan is not involved in this appeal.

 This appeal relates solely to the LEOFF 1 statutory scheme.[4] The issue is one of first impression: Does chapter 41.26 RCW require the Department to pay temporary "disability leave allowance" from the LEOFF 1 reserve fund?[5]

LEOFF 1 defines two distinct types of disability benefits: "disability leave" and "disability retirement." " 'Disability leave' means the period of six months or any portion thereof during which a member is on leave at an allowance equal to the member's full salary prior to the commencement of disability retirement." RCW 41.26.030(19). " 'Disability retirement' . . . means the period following termination of a member's disability leave, during which the member is in receipt of a disability retirement allowance." RCW 41.26.030(20). In short, "disability leave" is a temporary circumstance, contemplating potential return to active duty, whereas "disability retirement" is permanent.

Since LEOFF 1's enactment in 1969, the State, the Cities, and the courts have uniformly interpreted the Act and applied the plan such that employers pay temporary "disability leave" to their law enforcement and fire fighting employees who are members of the LEOFF 1 retirement plan. The Department has never paid this temporary benefit; rather, the Department has made disability payments to fire fighters and police officers from the reserve fund only for *permanent* disability retirement.

B. PLAIN LANGUAGE OF THE STATUTE

LEOFF 1 provides:

---

[4] RCW 41.26.080 mandates that the LEOFF 1 system be funded as follows: (a) with a six percent deduction from the basic salary of each member for each pay period, (b) with a monthly contribution from the member's employer equal to six percent of the member's basic salary, and (c) by the State, as provided in chapter 41.45 RCW, for the remaining liabilities of the LEOFF 1 system.

[5] In *City of Pasco v. Napier*, 109 Wn.2d 769, 755 P.2d 170 (1988), the Supreme Court noted, "[D]isability leave is paid for by the City rather than the state retirement fund." *Napier*, 109 Wn.2d at 775. The issue in *Pasco* was not whether the city had to pay the disability leave allowance, but rather whether it had to pay it for a second six-month period based on the same injury.

> Any member, regardless of his age or years of service may be recommended for *retirement* by the disability board for any disability which renders him unable to continue his service, whether incurred in the line of duty or not. *Benefits hereunder shall not begin for a period of six months after the disability is incurred.*

LAWS OF 1969, 1st Ex. Sess., ch. 209, § 12 (emphasis added).

Section 13 originally provided, in pertinent part: "(2) A disabled member shall receive *his full monthly salary from the employer* during the six months waiting period applicable under section 12 of this 1969 amendatory act." LAWS OF 1969, 1st Ex. Sess., ch. 209, § 13(2) (emphasis added). The current version of chapter 209, section 13(2) is codified in both RCW 41.26.120 and .125.[6] RCW 41.26.120 provides:

> No disability retirement allowance shall be paid until the expiration of *a period of six months* after the discontinuance of service during which period the member, if found to be physically or mentally unfit for duty by the disability board following receipt of his or her application for disability retirement, shall be granted a *disability leave* by the disability board and shall receive *an allowance equal to the full monthly salary* and shall continue to receive all other benefits provided to active employees *from the employer* for such period.

(Emphasis added.) RCW 41.26.125 contains a comparable provision.[7]

C. STATUTE'S AMENDMENT HISTORY

The Cities concede that under the 1969 LEOFF 1 Act, the employer was obligated to pay temporary disability leave.

---

[6] Although the legislature amended RCW 41.26.120 in 1981, 1985, 1986, and 1991, those amendments are not material to the present dispute. *See* LAWS OF 1981, ch. 294, § 2; LAWS OF 1985, ch. 102, § 2; LAWS OF 1986, ch. 176, § 5; LAWS OF 1991, ch. 35, § 19. In its 1985 amendments, the legislature enacted a new provision, RCW 41.26.125. With this amendment, the legislature separated RCW 41.26.120 into two sections: RCW 41.26.120 now addresses retirement for disability "incurred in the line of duty," and RCW 41.26.125 addresses retirement for disability "not incurred in the line of duty."

[7] RCW 41.26.125 uses permissive "may" instead of "shall" in the first sentence. *Cf.* RCW 41.26.120, .125.

Br. of Appellant at 18. But they argue that this obligation ended when the 1970 amendment to RCW 41.26.120[8] substituted the phrase "allowance *equal to* his full monthly salary" for the term "full monthly salary." *See* RCW 41-.26.120, .130, *amended by* LAWS OF 1970, 2d Ex. Sess., ch. 6, §§ 7, 8 (emphasis added). They contend that the substituted language shifted the payment burden from the Cities to the Department because it implies that (1) the employee's disability leave allowance must come from a source other than the employer, and (2) the employer must necessarily be consulted as to the amount of the allowance so that it will be "equal to" the employee's full monthly salary. The Cities further contend that if the legislature had intended the employer to pay the allowance, it could easily have clearly so stated. Their argument fails.

We ascribe to the words of a statute their plain and ordinary meaning. We may examine the legislative declaration of purpose to assist in determining that the plain meaning is consistent with that declared purpose. *N. Coast Air Servs., Ltd. v. Grumman Corp.*, 111 Wn.2d 315, 321, 759 P.2d 405 (1988).

The term "salary" connotes payment for working.[9] The phrase "allowance equal to a salary" suggests that the payment, although equal in dollars to a salary, is compensation for something *other than* working,[10] namely a disability that temporarily prevents earning a salary. Moreover, although the amendment substituted a longer, but equivalent, phrase for "full monthly salary," it kept intact and in the same location the ending phrase "from the employer."[11]

---

[8] Formerly RCW 41.26.130(2).

[9] "Salary" means "fixed compensation for services, paid on a regular basis." WEBSTER'S NEW COLLEGE DICTIONARY 975 (2d ed. 1999).

[10] "Allowance" means "[s]omething given, as money, at regular intervals or for a particular purpose." WEBSTER'S NEW COLLEGE DICTIONARY 30 (2d ed. 1999).

[11] The legislature has expressly stated that under this Act, "disability *retirement*" shall not be paid until six months after the discontinuance of service, and

### III. Conclusion

LEOFF's purpose is to provide an income benefit for permanent separation from service due to retirement, death, or long-term/permanent disability. RCW 41.26.020. There is no evidence that the legislature intended to provide benefits for short-term/temporary (0-6 months) disability from the LEOFF 1 reserve fund. That responsibility was left to the employers.

Affirmed.

MORGAN and HOUGHTON, JJ., concur.

Review denied at 148 Wn.2d 1024 (2003).

that [the temporary] "disability *leave* allowance" will be paid by the employer. *See* RCW 41.26.120, .125.